UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10684-RWZ

FRANK A. HOOKS

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

MEMORANDUM OF DECISION

October 18, 2010

ZOBEL, D.J.

Plaintiff Frank A. Hooks ("Hooks") brings this action, pro se, under 42 U.S.C. § 1983 for violations of his constitutional rights in connection with the revocation of his parole and the denial of his subsequent parole applications.

He sues several employees of the Massachusetts Department of Correction ("Massachusetts DOC") (Harold W. Clarke, Steven J. O'Brien, Michael Thompson, Peter Pepe, Carol Mici, Caroline Sawyer and David Slade).[1]  He also sues two members of the Massachusetts Parole Board, as well as Parole Officer Robert Jacobucci, and Supervisor James McCarthy (collectively, the "Parole Defendants"),[2]

---

[1] Clarke is the Commissioner of the Massachusetts Department of Correction, Thompson is the Superintendent of Pondville Correctional Center, Pepe is the Superintendent at MCI-Concord, O'Brien is the Superintendent at Old Colony Correctional Center, Slade is the DOC Sentencing Counsel, Mici is the DOC Director of Classification, Sawyer is the DOC Director of Computation.

[2] Jacobucci is the Region 7 Parole Officer (Brockton, Massachusetts), Kochin is a Parole Board Member, Lombardini is a Parole Board Member, McCarthy is the Region 7 Supervisory Parole Officer (Brockton, Massachusetts).  The Commonwealth of Massachusetts is also a named defendant.

along with the Commonwealth of Massachusetts.

All defendants have moved to dismiss, Docket # 45 (the DOC), and Docket # 55, (the Parole Defendants and Commonwealth).

## I.    Factual and Procedural Background

### A.    Conviction, Sentence, and Parole

In March 1991, plaintiff Hooks pled guilty to arson in violation of Mass. Gen. Laws ch. 266, § 1, and to intimidating a witness in violation of Mass. Gen. Laws ch. 268, § 13B.  He was sentenced to 15 years for arson and a concurrent 5 years for witness intimidation, with 9 months to serve, the balance suspended and probation for two years.  He was released on parole on September 21, 1991, after serving 9 months. Six days later, on September 27, 1991, he was arrested for murder.  He was thereafter convicted on so much of the indictment as alleged manslaughter, for which he was sentenced to 15 to 20 years at MCI-Cedar Junction on January 19, 1993.  That same date, the judge found that he violated the arson and intimidation parole and revoked the suspension of the 15- and 5-year arson and intimidation sentences.  He further ordered that the remainder of the sentences be served concurrent to one another, but consecutive to the manslaughter sentence.

After approximately 13 years in prison, plaintiff was again released on supervised parole on June 6, 2006.  On January 12, 2007, he was arrested on state charges of assault and communicating a threat, and within a matter of days, returned to DOC custody as a parole violator.  Although acquitted on the assault and threat charges, two Parole Officers submitted a Supplemental Parole Violation Report which

2

added three new allegations of parole violations.  After a hearing on October 10, 2007,

defendant members of the Parole Board found plaintiff guilty of violating the conditions

of his 2006 parole, and revoked it.  The Board denied his appeal and petition for

reconsideration.

### B.    Previous Habeas Challenges to Good Time Computation

In a letter to the Massachusetts DOC dated March 15, 2008, plaintiff argued that

the DOC had erroneously determined the date of commencement of his sentence for

purposes of calculation of good time credits.  On May 5, 2008, defendant Sawyer

responded denying plaintiff's assertion.

On April 4, 2008, plaintiff petitioned for habeas relief in state court on the ground

that his statutory good time credits had been calculated incorrectly, which was denied

because the calculations were accurate.  See In re Hooks, Civil Action No. 08-P-1447,

74 Mass. App. Ct. 1108, 905 N.E.2d 602 (Mass.App.Ct. 2009).  The court also rejected

his argument that the trial judge should not have imposed the arson and intimidation

sentence on and after the manslaughter sentence because that contention is not

properly raised in a habeas petition.  Thereafter, plaintiff sought federal habeas relief in

this court, which was also denied, albeit  for lack of any federal constitutional

questions. See Hooks v. O'Brien, 09-cv-11231-RWZ (D. Mass. 2009), aff'd, No. 09-

2609 (1st Cir. 2010).

### C.    Current Action and Pending Motions

Plaintiff sues the Parole Defendants for violations of his constitutional rights to

due process and equal protection in their several actions that resulted in the revocation

of parole and changes in the conditions thereof.  He claims similar violations of his

rights against the Massachusetts DOC Defendants for improperly calculating his good

time credits in violation of Mass. Gen. Laws ch. 279, § 3.  All defendants move to

dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R.

Civ. P. 12(b)(6).

**II.      Legal Analysis**

    **A.      Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

    **B.      Claims Against the Massachusetts DOC Defendants**

The gravamen of plaintiff's complaint against the DOC is that it improperly

calculated his good time credits in violation of Mass. Gen. Laws ch. 279, § 3.  Plaintiff's

claim suffers from several infirmities, most significantly that his claims are not

cognizable under § 1983.  First, a judgment for plaintiff, however his claims are

characterized, would necessarily imply the invalidity of his conviction or sentence, or

here, his parole.  And a petition for a writ of habeas corpus is the "exclusive remedy for

a state prisoner who challenges the fact or duration of his confinement." Heck v.

Humphrey, 512 U.S. 477, 480 (1994).  Second, as this court pointed out in ruling on

plaintiff's habeas petition, his claims of incorrect calculation of good time do not raise

any constitutional issues.

    **C.      Claims Against the Parole Defendants**

4

Plaintiff asserts several claims against the Parole Defendants.  He alleges that the Parole Board members acted with "deliberate indifference" toward his constitutional rights when they (1) found him in violation of his parole based on the "added" allegations of the parole violation and recommendations filed by the Parole Officers without evidence to support the charges or disposition of the hearing; (2) failed to report to a supervisor the arbitrary actions of the Parole Officers in denying his Parole Home Plan; and (3) failed to intervene to "halt, prevent or correct the deprivation of constitutional rights caused by Defendants Jacobucci, McCarthy, Lombardini and Kochin." See Compl. at ¶¶ 28, 31-34.  Plaintiff contends that the Parole Board Defendants violated his: (1) right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution in violation of 42 U.S.C. § 1983; (2) right to equal protection under the Fourteenth Amendment; and (3) the Ex Post Facto Clause of the U.S. Constitution.

First, to the extent plaintiff claims monetary damages, defendants are immune from suit for monetary damages in their official capacities under the doctrine of sovereign immunity.  Such suits are barred by the Eleventh Amendment because any award against defendants would be paid from state coffers.  See Ford Motor Co. v. Dep't of the Treasury, 323 U.S. 459, 464 (1945) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officers are nominal defendants").  The Eleventh Amendment provides immunity against § 1983 claims brought both against the state itself, see Quern v. Jordan, 440

5

U.S. 332, 342-45 (1979), as well as against individuals, see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Courts have held that sovereign immunity extends to state parole boards and their employees when acting in their official capacities.  See Garcia-Delgado v. Puerto Rico, 2009 WL 2168811, at *2 (D.P.R. July 17, 2009) (dismissing § 1983 action against parole board on the grounds of sovereign immunity).

Second, the complaint does not state a claim for a violation of federal rights protected under 42 U.S.C. § 1983.  To state a claim under § 1983, plaintiff must demonstrate deprivation of a constitutional right, but plaintiff has no constitutionally protected liberty interest in parole.  Courts have held that while a valid criminal conviction deprives an individual of a liberty interest, denial of parole does not.  See Lynch v. Hubbard, 47 F. Supp. 2d 125, 128 (D. Mass. 1999) (holding that "when the Massachusetts Parole Board decides not to grant a prisoner a parole permit, it does not deprive him of a liberty interest protected under the Fourteenth Amendment, and thus the Due Process Clause does not apply to the decision not to grant parole").

Next, the equal protection and conspiracy claims are insufficient as a matter of law.  Plaintiff claims that the Parole Defendants violated his right to equal protection, but does not explain in what manner they did so, and he has alleged no facts indicating selective treatment when compared with others similarly situated.

## III.    Conclusion

For these reasons, both the Massachusetts DOC Defendants' (Docket # 45) and the Parole Defendants' (Docket # 55) respective motions to dismiss are ALLOWED.

| October 18, 2010 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |